IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| In Re: )<br>)<br>KWESI A. PEOPLES, )<br>)<br>Debtor. )<br>) | CASE NO.: 19-70880<br>CHAPTER 13 |

REPLY TO RESPONSE TO MOTION FOR RELIEF FROM STAY

TitleMax of Alabama, Inc. (hereinafter "TitleMax"), in reply to the Debtor's Response to Creditor TitleMax's Motion for Relief from Stay, hereby states as follows:

The Debtor takes the position in his response to TitleMax's Motion for Relief from Stay (Doc. 40), that the transaction at issue is not a pawn transaction, because the Debtor retained possession of the vehicle. The Debtor further argues that because TitleMax only retained the certificate of title to the vehicle, TitleMax is not a pawn broker under the applicable statute, the transaction is not a pawn, and the certificate of title is not "pledged goods" as defined by the statute.

The Debtor offers no support for these positions. The Debtor takes these positions despite clear Alabama (and U.S. Bankruptcy Court) precedent to the contrary. The Debtor's arguments are arguably made in violation of Rule 11 of the Federal Rules of Civil Procedure.

The Alabama Supreme Court first addressed these issues in the case of *Floyd v. Title Exchange and Pawn of Anniston, Inc.*, 620 So.2d 576 (Ala. 1993). The Alabama Supreme Court framed the issue before it as "whether a person can pawn an automobile certificate of title and retain possession of the automobile." *Id*. (emphasis added). According to the Alabama Supreme Court, the

answer to that question depended on "whether the legislature intended an automobile certificate of title to be 'tangible personal property,' within the meaning of the Alabama Pawnshop Act . . . ." *Id*.

The Bureau of Loans of the State Banking Department had taken the position in the trial court that a title pawn was not a true pawn transaction, but instead was a small loan, which was regulated by the Alabama Small Loan Act. *Id*. At issue was the phrase "tangible personal property," as it appears in the Act.[1] The Supreme Court noted that it was "questionable whether an automobile certificate of title is 'tangible personal property,'", and further "agree[d] with the trial court that an automobile certificate is not a 'chose in action,' which the legislature specifically excluded from the definition of 'pledged goods.'" *Id*. at 579.

Ultimately, the Alabama Supreme Court upheld the trial court's finding that the title was tangible personal property under the Act. The Alabama Supreme Court concluded by stating that if the Court's "interpretation of the Alabama Pawnshop Act is incorrect, the legislature, of course, can easily amend the Act so that there will be no doubt in the mind of the lender or the regulator as to what the legislature intended." *Id*. There has been no such amendment in the 26 years since *Floyd*.

The Alabama Supreme Court addressed *Floyd* only about four months later in *Blackmon v. Downey*, 624 So.2d 1374 (Ala. 1993). Summarizing *Floyd*, the Court in *Blackmon* stated that the "effect of that decision was to hold that money-lending transactions involving the transfer of automobile certificates of title for the purpose of giving security are 'pawn' transactions and not 'small loan' transactions governed by the provisions of Alabama's Small Loan Act." *Id*. at 1376. The

---

[1] "PLEDGED GOODS. Tangible personal property other than choses in action, securities, or printed evidences of indebtedness, which property is purchased by, deposited with, or otherwise actually delivered into the possession of, a pawnbroker in connection with a pawn transaction." *Ala. Code* § 5-19A-2(6),

Case 19-70880-JHH13    Doc 44    Filed 09/09/19    Entered 09/09/19 13:25:39    Desc Main
Document      Page 2 of 5

Court stated only that the *Floyd* Court "held that an automobile certificate of title is 'tangible personal property' within the meaning of the Alabama Pawnshop Act." *Id*.

The Bankruptcy Court for the Northern District of Alabama has also provided a succinct summary of the two decisions:

> There are two Alabama Supreme Court cases which discuss the use of automobile certificates of title in connection with the Alabama Pawnshop Act. In *Floyd v. Title Exchange and Pawn of Anniston, Inc.*, 620 So.2d 576 (Ala.1993), the Alabama Supreme Court first addressed the issue of whether the definition of pledged goods under the Alabama Pawnshop Act includes motor vehicle certificates of title. The court stated that it was questionable whether an automobile certificate of title was "tangible personal property" as that term is generally understood. The court concluded, however, that the Alabama Pawnshop Act covers the pledge of motor vehicle certificates of title because the Alabama Legislature only specifically excluded choses in action from the definition of pledged goods and certificates of title are not choses in action. Although the Alabama Supreme Court was hesitant in *Floyd* to define a certificate of title as tangible personal property, a mere four months later in *Blackmon v. Downey*, 624 So.2d 1374 (Ala.1993), the same court cited *Floyd* and stated conclusively that "an automobile certificate of title is tangible personal property within the meaning of the Alabama Pawnshop Act" and was, thus, not covered by the Alabama Small Loan Act which prohibits usurious interest rates.

*In re Jones*, 304 B.R. 462, 468 (Bankr. N.D. Ala. 2003). The *Jones* court later emphasized that "the Alabama Supreme Court has recognized that money lending transactions involving the transfer of motor vehicle certificates of title as security are pawn transactions governed by the provisions of Alabama's Pawnshop Act." *Id*. at 471.

The Alabama Supreme Court again clarified the *Floyd* holding in *Ex parte Coleman*, 861 So.2d 1080 (Ala. 2003):

> ***Floyd holds only that "an automobile certificate of title is 'tangible personal property' within the meaning of the Alabama Pawnshop Act," and that "money-lending transactions involving the transfer of automobile certificates of title for the purpose of giving security are 'pawn' transactions."***

*Coleman*, 861 So.2d at 1086 (quoting *Blackmon*, 624 So.2d at 1376) (emphasis added).

Alabama case law is abundantly clear that an automobile certificate of title constitutes pledged goods under the pawnshop statute, and that a title pawn is a valid pawn agreement, even when the customer retains possession of the automobile. The Debtor's arguments are completely without merit, and directly contradict clear Alabama case law.

WHEREFORE, for all the reasons above, and for all the reasons set forth in TitleMax's motion, TitleMax asks that this Court enter an Order holding that the vehicle is no longer property of the Debtor's bankruptcy estate, and that the automatic stay does not apply to the vehicle at issue or otherwise prohibit TitleMax from repossessing the vehicle.

Respectfully submitted,

/s/ David A. Butler
Jeffrey L. Ingram, Esq. (ASB-8270-M74J)
David A. Butler, Esq. (ASB-0350-N92B)

OF COUNSEL
GALESE & INGRAM, P.C.
800 Shades Creek Parkway
Suite 300
Birmingham, AL 35209
Tel: (205) 870-0663
Fax: (205) 870-0681
Email: Jeff@Galese-Ingram.com
       David@Galese-Ingram.com

## CERTIFICATE OF SERVICE

   I hereby certify that I have electronically filed the foregoing using the Court's CM/ECF system, which will provide electronic notice to counsel of record as follows, on this the 9th day of September, 2019:

Debtor's Attorney
John E. Bockman
2601 7th Street
Tuscaloosa, AL 35401
mail@bockmanlaw.com

Bankruptcy Trustee
C. David Cottingham
701 22nd Ave, Suite 4
P.O. Drawer 020588
Tuscaloosa, AL 35402
dcottingham@ch13tuscaloosa.com

                /s David A. Butler